UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 07-CV-0531 (JFB) (WDW)
_____

ANGEL L. SANCHEZ AND JEFFREY SANCHEZ,

Plaintiffs,

VERSUS

SUSAN THOMPSON AND PAULINE BUSH,

Defendants.

_____

MEMORANDUM AND ORDER
December 26, 2007
_____

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiffs Angel L. Sanchez and Jeffrey Sanchez (collectively, "plaintiffs") bring this action against defendants Susan Thompson and Pauline Bush (collectively, "defendants") alleging that defendants violated their constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, plaintiffs contend that the defendants violated their civil rights by orally agreeing to the sale of a home for $285,755, but then refusing to enter into a contract for the sale of such home and, instead, selling the home to another person for $290,000.

Defendants have moved to dismiss the complaint. As set forth below, the Court concludes that the complaint must be dismissed because, among other things, plaintiffs have not alleged any state action as required under Section 1983 for a violation of civil rights; rather, this appears to be a dispute completely between private parties that is not actionable under Section 1983. Moreover, based upon a liberal review of plaintiffs' *pro se* complaint, the Court is unable to identify any other alleged violation of federal law in the complaint or basis for federal jurisdiction. Although it appears that these pleading defects are fatal and that any potential remedy for the alleged conduct would only arise under state law, the Court will, in an abundance of caution, grant plaintiffs leave to replead and file an amended complaint if they believe that they can properly allege a federal claim. Failure to do so, by January 29, 2008, will result in dismissal of the action.

## I. BACKGROUND

### A. Facts

The following facts are taken from the complaint and are not findings of fact by the Court. They are assumed to be true for the purpose of deciding this motion and are construed in a light most favorable to the plaintiffs, the non-moving party.

This case arises out plaintiffs' attempted purchase of a house from defendants Susan Thompson and Pauline Bush.[1] According to the complaint, on January 5, 2007, plaintiffs went to the house to ask for a housing contract. (Compl., at 3.) An unidentified person or persons stated that the lawyer had the contract and that plaintiffs should not worry because the house would be theirs for $285,000, but refused to put that conversation in writing. (*Id.*)

The following events allegedly took place after such conversation: On January 6, 2007, plaintiffs hired an inspector to inspect the house. (*Id.*) On January 10, 2007, plaintiff left a voice message with one of the defendants, stating that plaintiffs applied for loans, but the bank needs a contract. (*Id.*) On January 11, 2007, plaintiff left a message with Susan Thompson's husband, and on January 12, 2007, with Susan's daughter. (*Id.*) On January 13, 2007, plaintiffs called their lawyer, "Mr. Ben." (*Id.*) "Mr. Ben" told them that he spoke with defendants' lawyer, Mr. Sander, and that Mr. Sander would send him a contract. (*Id.*) Plaintiffs' lawyer never received a contract. (*Id.* at 1, paragraph 4.)

According to plaintiffs:

> The defendants, Susan Thompson and Pauline Bush violated our civil rights by denying me the opportunity to sign the contract of the purchase of a home. The defendant said that her lawyer was to prepare a contract requesting our lawyer to set up a meeting allowing us to sign. Our lawyer called and was told they would send it in a couple of days. (Also, they had raised the price) My lawyer waited but never received the contract. I paid all my legal fees.

(*Id.*) Thus, plaintiffs seek to invoke the Court's jurisdiction under 42 U.S.C. § 1983. (*Id.* at 1, paragraph 3.)

### B. Procedural History

Plaintiffs filed this complaint on February 7, 2007, alleging violations of their civil rights pursuant to 42 U.S.C. § 1983. On March 2, 2007, defendants filed an answer. On June 6, 2007, defendants moved to dismiss the complaint for lack of subject matter jurisdiction. On July 18, 2007, plaintiffs filed their opposition. On July 25, 2007, defendants filed their reply.

## II. STANDARD OF REVIEW

As a threshold matter, although defendants have framed this as a motion to dismiss for lack of jurisdiction, the Court believes that the question of whether plaintiffs have properly alleged the elements of a Section 1983 claim, including the requisite state action, is more properly analyzed under a Rule 12(b)(6) standard. In particular, it is well-settled that "when the contested basis of federal jurisdiction is also an element of plaintiff's asserted claim, the claim should not be

---

[1] Although the complaint refers to the defendant as "Susan Thompson," it is clear from the submissions of both sides in connection with this motion that her correct name is Susan Johnson.

dismissed for want of jurisdiction except when it 'appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *AVC Nederland B.V. v. Atrium Inv. P'ship*, 740 F.2d 148, 152-53 (2d Cir. 1984) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1945)); *accord Town of West Hartford v. Operation Rescue,* 915 F.2d 92, 100 (2d Cir. 1990). Thus, courts have repeatedly held that the question of whether the Section 1983 elements have been alleged, including state action, should not be analyzed as a jurisdictional motion. *See Albert v. Carovano,* 824 F.2d 1333, 1338 (2d Cir. 1987) ("Here, because the students' federal claims are neither frivolous nor immaterial, and because [defendant's] motion is based solely on the lack of any action by the defendants under color of state law, we treat the motion as an attack on the merits of the claim pursuant to Rule 12(b)(6)."); *see also Boyle v. Governor's Veterans Outreach & Assistance Ctr.,* 925 F.2d 71, 74 (3d Cir. 1991) (holding that "where the motion to dismiss is based on the lack of state action, dismissal is proper only pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and not under Rule 12(b)(1) for lack of jurisdiction"); *Renee v. Citibank, N.A.,* 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) (holding that "to the extent the defendants contend that they are not amenable to a Section 1983 suit because they did not act under color of state law, such arguments are more appropriately raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim").

In the instant case, although plaintiffs have invoked the Court's jurisdiction under Section 1983 in the complaint, their federal question claim appears to border on frivolous for the reasons discussed *infra*. However, in an abundance of caution, the Court will treat defendants' motion to dismiss as a Rule 12(c) motion, rather than a Rule 12(b)(1) jurisdictional motion.[2]

Courts evaluate a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the same standard as a motion pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See Nicholas v. Goord*, 430 F.3d 652, 658 n.8 (2d Cir. 2005). In reviewing a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility' standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The Court does not, therefore, require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Further, in reviewing a motion to dismiss, "the district court is normally required to look only to the allegations on the face of the complaint."[3]

---

[2] The motion is a Rule 12(c) motion, rather than a Rule 12(b)(6) motion, because defendants have filed an answer.

[3] Although both sides have submitted affirmations with their motions, these affirmations are not necessary to decide the motion to dismiss for

3

*Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Finally, as the plaintiffs are appearing *pro se*, the Court shall "'construe [his complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)).

### III. DISCUSSION

In order to state a claim for relief under Section 1983, a plaintiff must allege: (1) the deprivation of any rights, privileges or immunities secured by the Constitution and federal law, (2) by a person acting under the color of state law. 42 U.S.C. § 1983. Section 1983 does not itself provide substantive rights, but in fact offers "a method for vindicating federal rights elsewhere conferred." *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)); *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) ("Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere.") (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). As set forth below, the complaint must be dismissed as a matter of law because plaintiffs have failed to allege that defendants were acting under color of state law, nor have plaintiffs identified the substantive right that they allege was violated.

First, although asserting a Section 1983 claim against defendants, plaintiffs have not alleged that defendants are state actors, or

---

failure to state a claim. Instead, as discussed *infra*, the Court is deciding this motion to dismiss based on the pleadings under the standard described above.

offer any factual assertions from which it could be inferred that there was a sufficiently close nexus between defendants and the State. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 229 (2d Cir. 2004) ("It is settled that conduct by a private entity constitutes state action [for purposes of Section 1983] only when 'there is a sufficiently close nexus between the State and the challenged action of the [private] entity so that the action of the latter may be fairly treated as that of the State itself.'") (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). As the Supreme Court has noted, "[t]he ultimate issue" in determining whether a person is subject to suit under 42 U.S.C. § 1983, the statute relied upon by plaintiffs, is whether "the alleged infringement of federal rights is fairly attributable to the State?" *Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982) (internal quotations and citation omitted).

In the instant case, it appears from the complaint that this case simply involves a dispute over the sale of property between private parties. Moreover, in their opposition to the motion to dismiss, plaintiffs have failed to identify any state action alleged in the complaint, nor do they explain how they intend to satisfy the requirement of state action. Therefore, given the complete lack of any allegation of state action in the complaint, it must be dismissed. *See, e.g., Elmasri v. England*, 111 F. Supp. 2d 212, 221 (E.D.N.Y. 2000) (dismissing Section 1983 claims where defendants, including plaintiff's ex-wife, "acted purely as private individuals in connection with the state court [divorce and child custody] proceedings"); *see also Harley v. Oliver*, 539 F.2d 1143, 1146 (8th Cir. 1976) (dismissing Section 1983 claims brought by mother against her ex-husband arising from the ex-husband taking custody of the couple's son where "[t]here is not a scintilla of state

action as to him"); *McCord v. City of Columbus*, 225 F. Supp. 2d 804, 810 (S.D. Ohio 2002) (dismissing Section 1983 claim against mother due to lack of state action where mother filed "custody interference papers" resulting in plaintiff/ex-husband's arrest).

Second, plaintiffs do not allege the Constitutional or federal statutory right of which they are being deprived and, thus, the Section 1983 claim also fails as a matter of law on this ground. *See, e.g., Sullivan v. Stein,* No. 03 Civ. 1203, 2004 WL 1179351, at *19 (D. Conn. May 21, 2004) (holding that plaintiff's allegations may state a claim under state law for legal malpractice, but they cannot support a claim under Section 1983 for violations of the Fourth, Fifth, and Fourteenth Amendments); *Estes v. Doe*, No. 97 Civ. 8133, 1999 WL 983886, at *6 (S.D.N.Y. Oct. 29, 1999) (holding that "plaintiff's bald assertion that defendants [] violated numerous amendments to the Constitution, without any elaboration, fails to state any cause of action as a matter of law").

In sum, having carefully considered the complaint, the Court finds that the purported federal claim must fail as a matter of law because plaintiffs have not stated a cause of action under Section 1983. Moreover, because plaintiffs are *pro se* and the complaint should be read liberally, the Court has considered whether the allegations in the complaint state a cause of action under another federal statute (other than Section 1983) and concludes that no such federal claim exists based on the allegations in the complaint. Therefore, the complaint must be dismissed for failure to state a federal claim.

The Court must now consider whether to give plaintiffs an opportunity to re-plead (assuming plaintiffs wish to attempt to correct these defects). It is well settled that a Court need not afford leave to replead if any such effort would be futile. *Dluhos v. Floating and Abandoned Vessel, Known as "New York"*, 162 F.3d 63, 69 (2d Cir. 1998). Based upon a review of the complaint and the 44-page opposition to defendants' motion (which contains details about the dispute over the sale of the property and attaches exhibits), the Court concludes that it is highly unlikely that plaintiffs will be able to correct the above-referenced defects, including the requirement of state action. This simply appears to be a dispute over an alleged oral agreement regarding the sale of property which, to the extent that any viable claim exists, belongs in state court.[4] A party cannot state a federal claim, or invoke the jurisdiction of the federal courts, by taking what is nothing more than a state claim and "recloak[ing it] in constitutional garb." *Anderson v. Bowen,* 881 F.2d 1, 5 (2d Cir. 1989). However, even though it appears highly remote that plaintiffs can correct these pleading defects, the Court in an abundance of caution will give them one opportunity to replead, if plaintiffs believe that they can amend the complaint to state a federal cause of action. *See Abbas v. Dixon,*

---

[4] Because plaintiffs and defendants are New York residents, there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332 for any state law claim. In their reply, defendants argue that there was never any meeting of the minds, nor was there any written agreement or contract of sale between the parties regarding the property and, thus, plaintiffs cannot not recover under state law either in connection with an "illusory and imaginary" agreement with defendant Pauline Bush to sell her home to plaintiffs. (Defs.' Reply Affirmation, at ¶¶ 9, 13.) The Court expresses no view as to whether plaintiffs can recover under state law and declines to address the existence, or lack thereof, of any state law claims.

5

480 F.3d 636, 639 (2d Cir. 2007) (holding that the Court should give a plaintiff an opportunity to amend if the Court cannot "rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim") (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (internal quotation marks omitted); *see also Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (quotations and citations omitted).

IV. CONCLUSION

For the foregoing reasons, plaintiffs' complaint, pursuant to 42 U.S.C. § 1983, is DISMISSED for failure to state a claim. Plaintiffs are granted leave to replead. If plaintiffs believe they can correct the pleading defects and wish to file an amended complaint, they must do so by January 29, 2008. Failure to do so will result in dismissal of this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: December 26, 2007
Central Islip, NY

\* \* \*

Plaintiffs Angel L. Sanchez and Jeffrey Sanchez are appearing *pro se*. The attorney for defendants is Alan J. Sanders, Esq., of Sanders & Solomon, 33 Walt Whitman Road, Suite 114, Huntington Station, NY, 11746.