# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

Nº 07-CV-0531 (JFB) (WDW)

———————————

ANGEL L. SANCHEZ AND JEFFREY SANCHEZ,

Plaintiffs,

VERSUS

SUSAN THOMPSON AND PAULINE BUSH,

Defendants.

———————————

MEMORANDUM AND ORDER
July 22, 2008

———————————

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiffs Angel L. Sanchez and Jeffrey Sanchez (collectively, "plaintiffs") brought this action against defendants Susan Thompson and Pauline Bush (collectively, "defendants") alleging that defendants violated their constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, plaintiffs contended that the defendants violated their civil rights by orally agreeing to the sale of a home for $285,755, but then refusing to enter into a contract for the sale of such home and, instead, selling the home to another person for $290,000.

By Memorandum and Order dated December 26, 2007 (the "December 26 Memorandum & Order"), the Court granted defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure because, among other things, plaintiffs had not alleged any state action as required under Section 1983 for a violation of civil rights, but rather appeared to allege a dispute completely between private parties that is not actionable under Section 1983. However, the Court, in an abundance of caution, granted plaintiffs leave to replead and file an amended complaint by January 29, 2008, if they believed that they could properly allege a federal claim.

Plaintiffs filed an amended complaint on January 23, 2008.[1] Although the amended complaint cited Section 1983, it clearly was alleging a new claim with respect to defendants' alleged refusal to sell the home to

———

[1] Although entitled "PLAINTIFF'S [sic] AFFIDAVIT IN RE-PLEAD TO COURT DECISSION [sic] TO DISMISS," the Affidavit is clearly intended to be an Amended Complaint and the Court has treated it as such.

plaintiffs – namely, discrimination based on their national origin.

Defendants again moved to dismiss under Rule 12(b)(6) on February 6, 2008 due to, among other things, the continued lack of any allegation of state action. The Court held a conference on May 8, 2008 to discuss the amended complaint (the "May 8 Conference"). At that conference, after a discussion about the applicable cases and the discovery process (among other things), the Court gave plaintiffs the opportunity to consult with a lawyer (which they requested to do) and asked them to submit a letter by June 13, 2008 as to whether they wished to proceed with this case. Moreover, the Court stated that, if plaintiffs wished to proceed, (1) the Court would construe plaintiffs' amended complaint as alleging a cause of action under the Fair Housing Act ("FHA"), rather than Section 1983, because plaintiffs were clearly alleging discrimination based on national origin in the denial of their proposal to purchase the home, which would be a violation of the FHA (if proven), and (2) the Court would analyze the FHA claim under the standard articulated by the Second Circuit most recently in *Boykin v. KeyCorp*, 521 F.3d 202 (2d Cir. 2008). The Court also gave defendants the opportunity to supplement their motion to dismiss to address this proposed Fair Housing Act claim.

Defendants filed a letter on May 27, 2007 in further support of defendants' motion to dismiss the amended complaint. Plaintiffs submitted a letter on May 27, 2008, re-stating their reasons for opposing defendants' motion to dismiss the amended complaint.

For the reasons set forth below, based upon the allegations in the amended complaint, the Court finds that plaintiffs have sufficiently stated a claim under the Fair Housing Act to survive a motion to dismiss under Rules 8 and 12 of the Federal Rules of Civil Procedure.

I. BACKGROUND

A. The Amended Complaint

The underlying allegations giving rise to this litigation are comprehensively described by the undersigned in the December 26 Memorandum & Order addressing defendants' motion to dismiss the initial complaint. *See Sanchez v. Thompson*, No. 07-CV-0531 (JFB) (WDW), 2007 WL 4574727 (E.D.N.Y. Dec. 26, 2007). Thus, the Court presumes the parties' familiarity with the prior allegations of this case and briefly summarizes the allegations in the amended complaint.

Plaintiffs allege that they came to an oral agreement on the counteroffer made by defendants as to the selling price of the property in dispute (the "Property"), which amounted to $285,000. (Am. Compl. ¶ 2.) Plaintiffs further allege that, after this "meeting of the minds" reached on the selling price of the Property, they proceeded to incur expenses in order to have a contract prepared. (*Id.* ¶ 3.) They were pre-approved and ready to close on the house. (*Id.* ¶ 4.) Plaintiffs further allege that, after agreeing on the counteroffer price, defendant Johnson asked plaintiffs "Where are you from?" (*Id.* ¶ 9.) Plaintiffs told her that they were from Puerto Rico. (*Id.*)

The amended complaint then alleges that, on January 16, 2007, plaintiffs contacted defendants' attorney's office (Alan Sanders). (*Id.* ¶ 5.) Plaintiffs contend that Sanders'

2

secretary told plaintiffs that, because of a holiday, the contracts were not mailed on time, but they were already prepared. (*Id.*) Plaintiffs allege that, on January 22, 2007, plaintiffs contacted their attorney, Steven Bantz, to make an appointment for signing the contracts. (*Id.* ¶ 6.) They allege that Mr. Bantz told plaintiffs that the contracts were never received and he would make a telephone call to request them. (*Id.*) Plaintiffs contend that their attorney ultimately found out from Sanders that the house was sold to another person for $290,000. (*Id.* ¶ 7.) Plaintiffs allege that defendants never informed them of a new asking price for the Property, nor gave them the opportunity to purchase it at a higher price. (*Id.* ¶ 10.)

Based upon these alleged events, plaintiffs contend that they were discriminated against based upon their national origin. Specifically, the amended complaint alleges the following: "That based on the sudden change of the mind by the defendants, selling the house to another person I strongly believed that THEY VIOLATED MY CONSTITUTIONAL AND CIVIL RIGHTS AND THAT I WAS DISCRIMINATED, BASED ON MY NATIONAL ORIG[I]N." (*Id.* ¶ 8.) (emphasis in original). In support of that claim, plaintiffs point in the amended complaint to the above-referenced question by defendant Johnson as to where plaintiffs were from, to which plaintiffs responded that they were from Puerto Rico. (*Id.* ¶ 9.)

Thus, in the amended complaint, plaintiffs state the following: "I re-plead pursuant to 42 U.S.C. § 1983, stating that I was discriminated based on my national origin." (*Id.* ¶ 12.)

B. Procedural History

Plaintiffs filed the original complaint on February 7, 2007, alleging violations of their civil rights pursuant to 42 U.S.C. § 1983. On December 26, 2007, the Court granted defendants' motion to dismiss, but also granted plaintiffs leave to replead.

Plaintiffs filed an amended complaint on January 23, 2008. On February 6, 2008, defendants filed a motion to dismiss the amended complaint. Plaintiffs filed an opposition to defendants' motion on February 21, 2008. Defendants filed a reply affidavit on March 3, 2008, and plaintiffs submitted sur-reply on April 17, 2008.

At the May 8 Conference, the Court stated that, because plaintiffs were *pro se*, the Court was construing the Section 1983 claim as a Fair Housing Act claim and allowed the parties to submit supplemental letters with respect to that claim. On May 27, 2008, defendants submitted a supplemental letter in support of their motion to dismiss the amended complaint. On May 28, 2008, the plaintiffs submitted an opposition to the defendants' letter in support. The Court has considered all submissions.

II. STANDARD OF REVIEW

Courts evaluate a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the same standard as a motion pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.[2] *See Nicholas v. Goord*, 430 F.3d 652, 658 n.8 (2d Cir. 2005). In reviewing a

---

[2] The motion is a Rule 12(c) motion, rather than a Rule 12(b)(6) motion, because defendants have filed an answer.

3

motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility' standard, which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The Court does not, therefore, require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Further, in reviewing a motion to dismiss, "the district court is normally required to look only to the allegations on the face of the complaint."[3] *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Finally, as the plaintiffs are appearing *pro se*, the Court shall "'construe [his complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)).

---

[3] Although both sides have submitted affirmations with their motions, these affirmations are not necessary to decide the motion to dismiss for failure to state a claim. Instead, as discussed *infra*, the Court is deciding this motion to dismiss based on the pleadings under the standard described above.

## III. DISCUSSION

As a threshold matter, although plaintiffs' amended complaint attempts to state a claim pursuant to 42 U.S.C. § 1983, the Court notified defendants at the May 8 Conference that it was construing it as a FHA claim. In particular, because plaintiffs are *pro se* and the complaint should be read liberally, the Court considered whether the plaintiffs, in the amended complaint, were attempting to state a cause of action under another federal statute (but were erroneously citing Section 1983). (*See* May 8 Conference Tr.) Based upon the allegations, it was clear to the Court that the amended complaint should be construed as a claim under the Fair Housing Act. (*Id.*) For the reasons set forth below, the Court denies defendants' motion to dismiss the Fair Housing Act claim.

### A. FAIR HOUSING ACT CLAIM

The Fair Housing Act makes it unlawful "for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605(a). Plaintiffs allege that defendants refused to sell them the house because plaintiffs were from Puerto Rico.

Defendants did not submit any arguments to the Court specifically relating to the Fair Housing Act. However, defendants argue that plaintiffs' claim must be dismissed because, among other things, plaintiffs did not allege sufficient facts in the amended complaint regarding the alleged discrimination. Specifically, defendants argue that the alleged

question "Where are you from?" is insufficient to draw an inference of discrimination. (*See* Defs.' Letter in Support, at 1.) Thus, defendants essentially contend that the amendment cannot survive a motion to dismiss under Rules 8 and 12 of the Federal Rules of Civil Procedure. As set forth below, the Court disagrees and concludes that the amended complaint satisfies Rules 8 and 12.

With respect to pleadings in discrimination cases, the Supreme Court in *Swierkiewicz* rejected the concept that there is a heightened pleading standard and, thus, held that the survival of a complaint in an employment discrimination case does not rest on whether it contains specific facts establishing a *prima facie* case under *McDonnell Douglas*. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) ("The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement."); *see also Williams v. N.Y. City Hous. Auth.,* 458 F.3d 67, 71-72 (2d Cir. 2006) (applying *Swierkiewicz* holding to retaliation claims); *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006) (applying *Swierkiewicz* holding to discrimination claims under Title VII and ADEA claims). The Second Circuit has made clear that *Swierkiewicz* also applies to Fair Housing Act claims. *Boykin*, 521 F.3d at 213 (applying Swierkiewicz to FHA claims). In *Boykin*, the court stated:

> Like the Title VII and ADEA employment discrimination claims in *Swierkiewicz*, FHA disparate treatment claims like Boykin's are analyzed using the *McDonnell Douglas* burden-shifting framework. *See Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003). We have stated that "[t]he *Swierkiewicz* holding applies with equal force to any claim . . . that the *McDonnell Douglas* framework covers." *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 72 (2d Cir. 2006) (per curiam); *see also Lindsay v. Yates*, 498 F.3d 434, 439-40 (6th Cir. 2007) (applying *Swierkiewicz* to an FHA complaint); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1062 (9th Cir. 2004) (same). Boykin's complaint need only satisfy Rule 8(a)'s standard of a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

*Id.*

The Supreme Court has reiterated that "courts should generally not depart from the usual practice under the Federal Rules [of Civil Procedure]," and explained that heightened pleading requirements can only be established through the legislative process. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 919-20 (Jan. 22, 2007). No such heightened pleading requirement for discrimination claims exists in the Fair Housing Act. Therefore, the controlling standard for survival of a motion to dismiss lies not in *McDonnell Douglas*, but in Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Swierkiewicz*, 534 U.S. at 513 (complaints in

discrimination cases "must satisfy only the simple requirements of Rule 8(a)").

The Second Circuit has emphasized that the Federal Rules "set forth a pleading standard under which a plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests." *Leibowitz*, 445 F.3d at 591. Such a pleading "will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (internal quotation omitted). A clear statement from the plaintiff alleging discrimination by the defendant is sufficient to achieve these goals. *See Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961) (holding that a complaint stating "that defendants have in a willful and malicious manner discriminated against plaintiff" provided sufficient notice of the discrimination claim).

In the instant case, plaintiffs alleged that "after a meeting of the minds" regarding the selling price of the house, defendants sold the house to other people. (Am. Compl. ¶¶ 3, 7.) Plaintiffs also allege that "based on the sudden change of the mind by the defendants, selling the house to another person I strongly believed that THEY VIOLATED MY CONSTITUTIONAL AND CIVIL RIGHTS AND THAT I WAS DISCRIMINATED, BASED ON MY NATIONAL ORIG[I]N." (*Id.* ¶ 8.) (emphasis in original). Plaintiffs further allege that "[defendant Johnson] asked [plaintiffs] the question "WHERE ARE YOU FROM" and at that particular time never cross my mind of the consequences of my reply to her that I come from Puerto Rico." (*Id.* ¶ 9.) (emphasis in original).

These allegations, as well as the other allegations in the amended complaint, provide a sufficiently clear statement in the amended complaint to satisfy Rule 8(a). The Court relies on the Second Circuit's analysis in *Boykin*. In *Boykin*, the Second Circuit reversed the district court's dismissal of a complaint on the grounds that the discrimination claim was insufficiently pled. 521 F.3d at 215-16. In finding that the district court erred, the Second Circuit cites specifically to the following analysis of the district court:

> While Plaintiff generally alleges that KeyBank discriminated against her based on her race and sex, the Complaint contains no specific facts supporting her claims. The only specific acts alleged in the Complaint are that KeyBank denied Plaintiff's loan and failed to offer her other loan products. There are no factual allegations whatsoever that connect KeyBank's denial of Plaintiff's loan to a discriminatory motive or racial animus. In fact, each of Plaintiff's claims of racial discrimination is premised "upon information and belief."

*Id.* at 214 (quoting *Boykin*, No. 03-CV-944S, 2005 WL 711891, at *4 (W.D.N.Y. Mar. 28, 2005). The district court further stated that "[i]t is not enough for Plaintiff to simply state that she is a black woman who was denied a loan." *Boykin*, 2005 WL 711891, at *4. The Second Circuit disagreed, finding that the plaintiff satisfied *Swierkiewicz* by identifying

the particular events giving rise to her claim and alleging that she was treated less favorably than other loan applicants because of her race, her gender and the location of her property. *Boykin*, 521 F.3d at 215. Here, plaintiffs similarly allege that they were denied the opportunity to purchase the house because they were from Puerto Rico. As listed *supra*, plaintiffs' allegations identify the particular events giving rise to their discrimination claim, alleging that they were asked where they were from and then there was a sudden change by defendants in their prior intent to sell plaintiffs the home, with no opportunity for them to offer a new price if there was someone willing to pay a higher amount. Thus, plaintiffs clearly allege that they were treated less favorably because of their national origin in connection with their desire to purchase the home from defendants.

In addition, contrary to the suggestion by defendants, plaintiffs were under no obligation to supply detailed evidence at this stage with regard to the alleged discriminatory animus. The Second Circuit has clearly held that "[t]here is no heightened pleading requirement for civil rights complaints alleging racial animus." *Boykin*, 521 F.3d at 215; *see also Phillip v. Univ. of Rochester*, 316 F.3d 291, 298 (2d Cir. 2003) (finding sufficient pleading where plaintiff alleged that "[plaintiffs] are African-Americans, describe[d] defendants' actions in detail, and allege[d] that defendants selected them for maltreatment solely because of their color.") (internal quotations omitted). Here, the complaint alleges that plaintiffs were from Puerto Rico, they were asked about their national origin, there was an abrupt change in defendants' intention to sell them the house, and they were treated differently because of their national origin. That is sufficient to satisfy the liberal pleading standards under Rule 8(a) and *Swierkiewicz*.

Defendants' arguments regarding the facial defects to the complaint are similarly unavailing. Defendants' opposition papers suggest that it is doubtful, based upon these allegations, that plaintiff would be able to prove discrimination. Moreover, in an effort to demonstrate the lack of discriminatory animus by defendants towards minorities, defendants noted in their Reply Affidavit that the house was eventually sold to a Hispanic couple, Mr. and Ms. Jorge Rojas. (Reply Aff. ¶¶ 10, 13.) As noted *supra,* this Court, in deciding the instant motion, has disregarded the material outside the pleadings offered by the parties in connection with the motion, including the national origin of the ultimate purchasers of the house. Instead, this Court decides the motion based on the allegations in the pleadings.[4] *See, e.g.*, *Kopec v. Coughlin*, 922 F.2d 152, 154 (2d Cir. 1991) ("Rule 12(b) gives district courts two options when matters outside the pleadings are presented in response to a 12(b)(6) motion: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment.") (quoting *Fonte v. Bd. of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir. 1998)) (internal quotation marks omitted); *see also Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir. 1999) ("[T]he conversion requirement helps ensure that courts will refrain from engaging in fact-finding when considering a motion to dismiss, and also that [parties] are

---

[4] The Court also declines, at this early juncture in the case, to convert this motion to dismiss to one for summary judgment.

7

given a fair chance to contest . . . evidentiary assertions.").

In any event, although the amended complaint lacks substantial details in terms of evidence of discrimination, that "'it may appear on the face of the pleadings that a recovery is very remote and unlikely . . . is not the test.'" *Swierkiewicz*, 534 U.S. at 515 (internal quotation omitted) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.")). Here, plaintiffs' allegations set forth a plausible claim and, thus, survive a motion to dismiss.

Finally, defendants have not made any claim that plaintiffs failed to give sufficient notice of their claim. Instead, defendants appear to argue the merits of plaintiffs' claim, contending specifically that "the alleged statement 'Where are you from?' has no inherent meaning . . . and has no depth, nor can one draw an inference of discrimination." (Defs.' Letter in Support, at 1.) As an initial matter, as discussed above, plaintiffs are not required to provide evidentiary detail that would support an inference of discrimination in the amended complaint that is sufficient to survive summary judgment. Instead, plaintiffs clearly have provided sufficient allegations to put defendants on notice that they are claiming they were denied the opportunity to purchase the house because they were from Puerto Rico. Moreover, the fact that defendants are able to argue the merits is evidence that defendant had sufficient notice, and that plaintiffs' complaint achieves the ends of the Second Circuit described in *Simmons*. *Simmons*, 49 F.3d at 87 (holding that a movant's failure to argue non-compliance with Rule 8 was evidence that the plaintiff's complaint contained sufficient notice); *see also Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) (stating that the movant's failure to argue a lack of notice was evidence that sufficient notice was given through the pleadings). Thus, although defendants may believe that there is a lack of evidence to support plaintiffs' claim, "[t]his simplified notice pleading standard [under Rule 8(a)] relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, 534 U.S. at 512; *see also Boykin*, 521 F.3d at 216 ("The merits of a claim like Boykin's, which on its face presents a plausible allegation of disparate treatment, should be tested on summary judgment."). Thus, defendants will have a full opportunity to raise these arguments should it move for summary judgment at the conclusion of discovery.

In sum, after carefully considering the complaint, plaintiffs' allegations, taken as true, present a plausible claim under the Fair Housing Act. The complaint gives defendants notice of plaintiffs' claim, and the grounds upon which it rests, that is sufficient to satisfy Rule 8(a) and Rule 12.

8

IV. Conclusion

For the foregoing reasons, defendants' motion to dismiss plaintiffs' amended complaint, pursuant to the Fair Housing Act, is DENIED. Parties should proceed with discovery under the direction of Magistrate Judge Wall.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: July 22, 2008
Central Islip, NY

\* \* \*

Plaintiffs Angel L. Sanchez and Jeffrey Sanchez are appearing *pro se*. The attorney for defendants is Alan J. Sanders, Esq., of Sanders & Solomon, 33 Walt Whitman Road, Suite 114, Huntington Station, NY, 11746.